UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRANCISCO JAVIER MONROY,

     Plaintiff,

vs.

JEFFREY BEARD,[1] Secretary,
California Department of Corrections
and Rehabilitation, *et al.,*

     Defendants.

Case No. 1:13-cv-00594-RRB

<u>**DISMISSAL ORDER**</u>

Francisco Javier Monroy, a California state prisoner appearing *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983. Monroy is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the California State Prison, Corcoran ("CSP-Corcoran"). Monroy's claim arises out of his classification as a gang member while incarcerated at the Kern Valley State Prison ("KVSP").

## I.    SCREENING REQUIREMENTS

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] This Court

---

[1]    In addition to Jeffrey Beard, Monroy has named as Defendants, Connie Gipson, Warden, CSP-Corcoran, and M. Lozano, an Assistant Institution Case Investigator employed at the Kern Valley State Prison.

[2]    28 U.S.C. § 1915A(a).

must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that

"seeks monetary relief against a defendant who is immune from such relief."[3] Likewise, a

prisoner must exhaust all administrative remedies as may be available,[4] irrespective of

whether those administrative remedies provide for monetary relief.[5] In addition to its

powers in screening complaints under § 1915A(a), a trial court may dismiss a complaint

for failure to state a claim *sua sponte* where it is obvious that the plaintiff cannot state a

claim for relief.[6]

In determining whether a complaint states a claim, the Court looks to the pleading

standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must

contain "a short and plain statement of the claim showing that the pleader is entitled to

relief."[7]   "[T]he pleading standard Rule 8 announces does not require 'detailed factual

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

---

[3]     28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[4]     42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[5]     *See Booth*, 532 U.S. at 734.

[6]     *See Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *see generally* 5B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Adam N. Steinman Federal Prac. & Proc. Civ. § 1357 (3d ed.).

[7]     Fed. R. Civ. P. 8(a)(2).

accusation."[8]  Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[9]

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[10]  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[11]  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[12] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[13]

## II.   GRAVAMEN OF COMPLAINT

Monroy was classified as a prison gang member of the "Northern Structure." Monroy contends that as a result of this classification, he has been subjected to an

---

[8]     *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[9]     *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[10]    *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[11]    *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[12]    *Id.*

[13]    *Id.* (quoting *Twombly*, 550 U.S. at 555).

indeterminate term in the Special Housing Unit ("SHU"), which deprives him of access to the general population, and adversely affected his work time and good time credits.  In his Complaint Monroy asserts seven grounds for relief. In his first ground Monroy contends his validation as a gang member was based upon unreliable, insufficient information. In his second ground Monroy contends he was denied an inactive/active review prior to being placed in the SHU.  In his third ground Monroy argues that prison officials have created an impermissible assumption on the significance or meaning of certain tattoos as evidencing gang membership. In his fourth ground Monroy contends that a falsified confidential memorandum was placed in his central file. Monroy's fifth, sixth, and seventh grounds challenge the methods used to verify the reliability of the confidential informants' information.

## III.   STATE PROCEEDINGS

Monroy first sought and was denied relief through the administrative review process provided under California law,[14] thereby exhausting his administrative remedies.[15]  Monroy then sought *habeas* relief in the California courts.[16]  The Kings County Superior Court

---

[14]     Director's Level Appeal Decision, dtd March 11, 2011.  Docket 1 at 62–63.

[15]     Cal. Code Regs. tit. 15, § 3084.1(b) ("Unless otherwise stated in these regulations, all appeals are subject to a third level of review, as described in section 3084.7, before administrative remedies are deemed exhausted.  All lower level reviews are subject to modification at the third level of review.").  Section 3084.7 provides for three levels of review, the third level conducted by the Secretary of the California Department of Corrections and Rehabilitation, or by a designated representative.

[16]     Under California's unique *habeas* procedure, a prisoner who is denied habeas relief in the superior court files a new original petition for relief in the court of appeal. *Walker v. Martin*, 131 S. Ct. 1120, 1125 (2011) (citing *In re Martinez*, 209 P.3d 908, 915 (Cal. 2009).  If denied relief by the court of appeal, the defendant has the option

denied Monroy relief in an unpublished, reasoned decision.[17] The California Court of

Appeals, Fifth Appellate District, summarily denied Monroy's petition to that court,[18] and the

California Supreme Court followed suit.[19]

In the last reasoned decision by a state court, the Kings County Superior Court held:

> Petitioner FRANCISCO JAVIER MONROY ("Petitioner"), filed a petition for wit of habeas corpus on January 26, 2012 ("petition"). Petitioner challenges his validation as a member of the Northern Structure prison gang and his resulting indeterminate security housing unit term. Petitioner was validated on February 10, 2010 based upon eight source items, including; (1) Confidential Memorandum dated June 17, 2009 (Debrief Report/Direct Link), (2) Confidential Memorandum dated February 20, 2009 (Debrief Report/Direct Link), (3) CDCR 128B dated September 30, 2008 (Tattoos and Symbols), (4) Confidential Memorandum dated June 2, 2008 (Debrief Report/Direct Link), (5) Confidential Memorandum dated June 29, 2007 (Association), (6) Confidential Memorandum dated April 10, 2007 (Informants), (7) Confidential Memorandum dated October 9, 2005 (Informants), and (8) Confidential Memorandum dated July 18, 2003 (Debrief Report/Direct Link). Petitioner administratively exhausted his claims on March 11, 2011.
>
> California Code of Regulations, title 15, Section 3378 requires that, to validate an inmate as an associate or member of a prison dang, the Office of Correctional Safety identify at least three independent source items indicative of association with validated gang members or associates. In addition, at least one of the source items must constitute a direct link to a current or former validated member or associate of the gang. (*See,* Cal. Code of Regs., tit. 15, § 3378, subd. (c)(3).) There is no requirement in California Code of Regulations, title 15, Section 3378 that a prisoner be

---

of either filing a new original petition for habeas relief or a petition for review of the court of appeal's denial in the California Supreme Court. *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002). This is considered the functional equivalent of the appeal process. *Id.* at 222.

[17]   *In re Francisco Javier Monroy*, Case No. 12W0014A. [Docket 1 at 81–82.]

[18]   *In re Francisco Javier Monroy*, Case No. F064804. [Docket 1 at 85.]

[19]   *In re Francisco Javier Monroy*, Case No. S205796. [Docket 1 at 86.]

issued a disciplinary rule infraction for gang activity before being validated as a gang associate/member. (*In re Furnace* (2010) 185 Cal. App. 4th 649, 659)

Judicial review of a validation decision is limited to determining whether the classification decision is arbitrary, capricious, irrational, or an abuse of the discretion granted to those given the responsibility for operating prisons. (*Id.* at p. 659; citing *In re Wilson* (1988) 202 Cal. App. 3d 661, 667; *Superintendent v. Hill* (1985) 472 U.S. 445 ) The trial court must not engage in an examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." (*Superintendent* v. *Hill,* 472 U.S. at pp.455-456; *see also, In re Zepeda* (2006) 141 Cal. App.4[th] 1493, 1500.)

IT IS HEREBY ORDERED, the petition is denied. (*See, People v. Duvall* (1995) 9 Cal.4[th] 464, 474.) Petitioner's tattoos and his possession of kites containing gang-related information combine with his identification by multiple confidential sources as a highly involved member/associate of the Northern Structure prison gang, to sufficiently support his validation. Although Petitioner claims that the information used to validate him is unreliable, it is not appropriate for this court to engage in a reweighing of the evidence and/or a reassessment of credibility. Furthermore, it appears that Petitioner has pursuant to California Code of Regulations, title 15, Section 3341.5, subdivision (c)(2)(A)(2), appropriately been assigned an indeterminate housing unit term.

On its own motion the court extends the time to rule on this petition, finding good cause to do so under California Rules of Court, rule 4.551, subdivision (h) considering the unusually high number of pending writ petitions, this court's recent trial/holiday calendar and administrative duties, and the insignificant prejudicial effect thereof to the parties.

## IV.   DISCUSSION

To the extent that Monroy is challenging a condition of his incarceration, it is properly brought under § 1983. On the other hand, to the extent that Monroy is challenging the fact or duration of his confinement, he must seek *habeas* relief under 28 U.S.C. § 2241 or § 2254, as appropriate.[20] Thus, to the extent that Monroy contends that his improper

---

[20]     *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) ("Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,'

classification affects his good time credits, which affects the duration of his incarceration, that question is not properly before this Court in this § 1983 proceeding. That being said, because it does not appear that Monroy has been assessed any loss of good time credits, that issue is not presented in this case. Consequently, to the extent Monroy's action is properly construed as a petition for *habeas* relief, it fails to state a claim for relief.

Although it was unnecessary to the requirement that he exhaust his *administrative* remedies, Monroy challenged his classification in the California courts raising the same federal claims as he raises in his complaint before this Court. Monroy does not contend, and record before this Court does not show, that he was denied a full and fair hearing on those claims. Thus, Monroy is precluded under the doctrine of *res judicata* from relitigating the matter under § 1983 in this Court.[21]

Even if it were free to independently review the state court decisions *de novo*, this Court agrees with the decision of the Kings County Superior Court, the last reasoned state court decision.[22] State appellate court decisions that summarily affirm a lower court's opinion without explanation are presumed to have adopted the reasoning of the lower

---

whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'" (citation omitted)).

[21]    *See Silverton v. Dep't of Treasury,* 644 F.2d 1341, 1347 (9th Cir.1981) ("[B]ecause of the nature of a state habeas proceeding, a decision actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards.")

[22]    This Court "looks through" the subsequent summary decisions in reviewing state court decisions to determine the basis for those decisions. *See Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

court.[23] Generally, this Court gives the presumed decision of the state court the same deference that it would give a reasoned decision of the state court.[24] Moreover, the Court can find no principled reason not to apply the same standard as is applied in *habeas* cases, i.e., that the findings of fact of state courts are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[25]

To the extent that Monroy's claim asserts that the California classification procedure constitutes a denial of procedural due process under the Fourteenth Amendment, it fails.[26] Monroy's argument challenging the sufficiency of the evidence to support his classification as a gang member also fails.[27]

To the extent that Monroy alleges that the actions of Defendants violated state law, § 1983 does not provide a cause of action for those claims.[28]  In addition to the fact that

---

[23]    *Ylst*, 501 U.S. at 802-03.

[24]    *See, e.g., Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011) (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

[25]    *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[26]    *See Sandin v. Conner,* 515 U.S. 472, 484 (1995) (liberty interest arising from state laws or policies "will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Myron v. Terhune,* 476 F.3d 716, 718 (9th Cir. 2007) (prison classification does not implicate a state-created liberty interest).

[27]    *Castro v. Terhune*, 712 F.3d 1304, 1314–15 (9th Cir. 2013).

[28]    *Loftis v. Almagar*, 704 F.3d 645, 647 (9th Cir. 2012) (*citing Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

this Court is bound by decisions of the California courts on state law,[27] this Court declines

to exercise its supplemental jurisdiction over Monroy's state law claims.[28]

The Complaint fails to set forth facts sufficient to warrant the granting of the relief

requested, or any relief whatsoever. It is also apparent from the Complaint and the

documents attached thereto, that there is no reasonable probability that Monroy can

truthfully plead facts sufficient to warrant affording him relief in any form, granting Monroy

leave to file an amended complaint would be futile.[29]

Finally, this Court, having fully considered the matter finds that reasonable jurists

could not disagree with this Court's resolution of his constitutional claims or that jurists

could conclude the issues presented are adequate to deserve encouragement to proceed

further.  Accordingly, any appeal would be frivolous or taken in bad faith.[30]

## V.   ORDER

1.    The Complaint on file herein is **DISMISSED**, without leave to amend.

2.    Monroy's *in forma pauperis* status is hereby **REVOKED**.

---

[27]     *See Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975) ("state courts are the ultimate expositors of state law"); *West v. AT&T,* 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law.  When it has spoken, its pronouncement is to be accepted by federal courts as defining state law . . ..").

[28]     "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . .."  28 U.S.C. § 1367(c).

[29]     *See Hartman v. California Dept. of Corr. and Rehab.*, 707 F.3d 1141, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

[30]     28 U.S.C. § 1915(a)(3);  *see Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of *in forma pauperis* status is appropriate if the appeal is frivolous).

3.     To the extent that the Complaint may be construed as a petition for *habeas corpus* relief, the Court declines to issue a Certificate of Appealability.[31] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[32]

The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED** this 31st day of October, 2013.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[31]     28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).

[32]     *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.